UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DAVID ANGEL SIFUENTES III,            CASE NO.
               Plaintiff,
                                     HON.

V.

GOOGLE INC.,
               Defendant.
_____/

## COMPLAINT AND MEMORANDUM OF LAW

  Now Comes, Plaintiff, David Angel Sifuentes III, In Pro Se and submits this complaint and memorandum of law against Google Inc.,( GoogleFi) for cell phone bill cramming, false advertising, potential future violation of the fair credit reporting act by concrete injury of a lower credit score, Michigan consumer protection act, risk of present and future retaliation by Google, and intentional infliction of emotional distress. Sifuentes seeks actual damages of $76, 000, also punitive damages, compensatory, injunctive relief, special damages equitable and remedies available also any other damages Sifuentes is entitled to. Sifuentes ask that this Honorable court liberally construe his document and not fault him for not citing law, the correct legal theory under, *Haines v. Kerner, 404 U.S. 519 (1972).*

## FACTS AND LAW

*Facts*

  On are around February 2022 Sifuentes asked Google to place him on a lower plan that would save him money. Google placed him on a budget cell phone plan. However, the cell phone plan increased Sifuentes charges by $90.00 per month. Sifuentes contacted support and asked them to change him back to his original plan which was around $183.00 per month. Google advertised that the plan would save money and provide slower data that would stop any over charges if a

1

customer which a certain amount of data. The unlimited plan had a fixed rate that only slows the data down after certain amount of usage. Google advertised the plan as the data would stop and not overcharge a customer over around 10 gigs of usage. However, Google never stated are provided sufficient information that any usage over 10 would increase a customer's bill.

After switching his plan back to the unlimited plan Google than went ahead and added the previous bill of the budget plan and the unlimited plan together casing a bigger bill over double the amount to around $270.00. Sifuentes contacted Google again around May 12, 2022 asking Google to adjust his bill. A representative informed Sifuentes that they are charging him a head that is in advance for the unlimited plan and his previous bill. Sifuentes asked the representative to adjust his bill and to speak with a Supervisor. No one contacted Sifuentes and the representative refused to assist Sifuentes with his bill. If Sifuentes bill is not paid it will be shut off within around 5 days of the bill being due which is around May 21, 2022. Sifuentes asked the representative to provide him with his GoogleFi account number, the representative refused, informed Sifuentes that he cannot provide it, and he cannot only get t if he closes his account under Google's policy. More facts maybe discussed in this complaint.

## *Law and Memorandum*

## *Jurisdiction*

This court has jurisdiction of all civil matters as the damages are more than $75,000 28 U.S.C. § 1332. Also this Court has supplemental jurisdiction under 28 U.S.C. § 1367 of Sifuentes state law claims, and jurisdiction under Michigan's Long-Arm Statute MCL § 600.715, as the claims in this complaint arose in Michigan.

## *i. Violation cell phone bill cramming, false advertising, potential violation of the fair credit reporting act and violation of the Michigan Consumer Protection act, risk of present and future retaliation by Google.*

Google is in violation of cell phone cramming Sifuentes phone bill by adding extra charges to his phone bill by adding his previous bill and forcing him to prepay his future bill making charges he cannot afford. Google has engaged in false and misleading adverting that the budget

2

plan will save more money than the unlimited plan when in fact it can costs more than the unlimited . In this case the bill was increased to $90.00.  Sifuentes credit reports are subject to potential concrete injury by having his credit score lowered for potentially going in to default of his cell phone bill as Sifuentes cannot afford to pay the high bill, this will cause Sifuentes to pay higher interest rates and also late charges with Google.

Google has violated the Michigan Consumer protection Act by using unfair and deceptive means also falsely representing that Sifuentes would get a lower bill if he signed up for a budget phone bill plan.

Sifuentes also risks present and future retaliation by Google, by his account being closed and his cell phone being shut down more and being forced to not business with Google again

### ii. *"Intentional infliction of emotional distress"*.

Sifuentes suffers through "intentional infliction of emotional distress" due to being worried, being scared, stressed out and very mad and angry due to the loan he cannot afford. A party has standing and may seek damages for "intentional infliction of emotional distress" for being angry. *Buchholz v. Meyer Njus Tanick, PA, 946 F. 3d 855 (6th Cir. 2020)*. Sifuentes reserves the right to raise any additional claims are discuss, clarify facts.

### RELIEF

**WHEREFORE,** Sifuentes **PRAYS** that this Honorable Court **AWARD** him $76,000 in actual damages also compensatory and or punitive damages and any other special damages equitable and remedies available to Sifuentes, in the alternative Sifuentes ask that he be given credit for the overcharges of his cell phone bill and be given a reasonable affordable budget plan.

Respectfully Submitted,
_____
David Angel Sifuentes III
In Pro Se
439 More St. NE
Unit 2
Grand Rapids, MI 49503

3

Dated: May 15, 2022